THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LOWELL ERP, Defendant-Appellant.

Fourth District    No. 4—84—0529

Opinion filed July 10, 1985.—Rehearing denied August 7, 1985.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his convictions by jury verdicts of two counts of indecent liberties with a child and two counts of aggravated incest. He was sentenced to concurrent seven-year terms of imprisonment for the indecent liberties convictions. Defendant appeals the convictions and sentences.

A brief review of the facts is adequate to frame the issues on appeal. The charges related to two incidents in which defendant was alleged to have forced his 15-year-old daughter to submit to sexual intercourse. Prior to trial, defendant sought the disclosure of reports prepared by the Department of Children and Family Services concerning the charges. As the result of a claim of privilege by the prosecution, the trial court examined the records *in camera* and stated certain portions of the records to defense counsel and into the record. The court declined to allow the defense to examine the records independently.

Defendant's daughter testified that on April 28, 1983, she had an argument with her mother and left home to spend the night with her father and stepmother. On April 28, and again on April 29, at times

when the stepmother was not present, defendant called the daughter to his bed and forced her to engage in sexual intercourse. In each instance, defendant warned her not to tell anyone of the encounter, or he would make it look as though she were the bad person. She did not tell her mother of the incidents for two months, she testified, because she was afraid of what her father would say and of what her mother would do to her father. The daughter was subsequently found to be pregnant. She testified that she had never had intercourse with anyone other than defendant.

A physician testified that the daughter was pregnant and that she could have conceived at the time of the alleged offenses. Defendant's wife and her parents gave testimony to the effect that defendant had not been left alone with the complainant on April 28 or 29. Defendant testified and denied the charges. The jury found defendant guilty of two counts of indecent liberties with a child and two counts of aggravated incest.

On appeal, defendant raises two issues: (1) The trial court erred in denying defendant access to records of the Department of Children and Family Services (DCFS) concerning the incidents, and (2) that the court erred in prohibiting defendant from cross-examining the complainant on her fear of her mother's reaction to the news of the pregnancy.

As to the first issue, defendant contends that he was entitled to examine the DCFS records in order to aid him in preparing a defense. The roots of this right, he maintains, are both constitutional and statutory. Citing *Davis v. Alaska* (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105, defendant asserts that the sixth amendment provides an unlimited right to examine such materials. A similar claim was raised in *People v. Phipps* (1981), 98 Ill. App. 3d 413, 424 N.E.2d 727, where the confidentiality of mental health records was considered under the Mental Health and Developmental Disabilities Confidentiality Act (Ill. Rev. Stat. 1979, ch. 91½, pars. 801 through 817).

In *Phipps*, the records of the Department were described as confidential and a statutory privilege was authorized to be claimed by the therapist or the patient. There a defendant sought to discover the institutional records of persons who were patients for the purpose of establishing their credibility as witnesses within the framework of capacity to understand and truthfully communicate. There was no factor of confidentiality as to the observations to which these individuals might be asked to testify.

The framework of discovery here differs substantially in that the defendant sought discovery of the contents of investigative reports

which were the product of an agency not directly associated with the prosecution but which reports might include facts of possible value for purposes of impeachment material.

Again, the issue presented here is substantially different than that presented and decided in *Davis v. Alaska* (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105. There, defendant sought to cross-examine or to introduce into evidence the record of the conviction of a minor for the single purpose of showing bias or motive on the part of the minor to testify in favor of the prosecution. Counsel expressly disclaimed a purpose to impeach the witness generally. Thus, the issue presented was not within the context of discovery but was limited and directed to the right to confrontation of witnesses in terms of cross-examination and confrontation within the context of the sixth amendment to the Constitution of the United States and of section 8 of article I of the Illinois Constitution of 1970.

In contrast, section 7.19 of the "Abused and Neglected Child Reporting Act" (Ill. Rev. Stat. 1983, ch. 23, par. 2057.19), provides, "Upon request, a subject of a report shall be entitled to receive a copy of all information contained in the central register pertaining to his case. *** In addition, the Department may seek a court order from the circuit court prohibiting the release of any information which the court finds is likely to be harmful to the subject of the report."

In section 3 of the Act (Ill. Rev. Stat. 1983, ch. 23, par. 2053) it is stated: " 'Subject of report' means any child reported to the central register of child abuse and neglect *** and his or her parent ***."

Section 11.1 of the Act (Ill. Rev. Stat. 1983, ch. 23, par. 2061.1) identifies persons who shall have access to the reports of the Department and includes:

"(5) A person having the legal responsibility or authorization to care for, treat, or supervise a child or a parent, guardian, or other person responsible for the child's welfare who is the subject of a report;

(6) Except in regard to harmful or detrimental information as provided in Section 7.19, any subject of the report, and if the subject of the report is a minor, his guardian or guardian ad litem;

(7) A court, upon its finding that access to such records may be necessary for the determination of an issue before such court; however, such access shall be limited to in camera inspection, unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then pending before it."

We further note that the Act expressly denies any privilege arising from its records although such records are described as being generally confidential.

We conclude therefore that the reports concerning and relating to defendant are properly within the ambit of Supreme Court Rule 412(g) (87 Ill. 2d R. 412(g)), and that a prosecutor who seeks to claim Department confidentiality for the purpose of barring production of the relevant records violates such rule of the supreme court.

Here, the trial court directly followed the procedure proposed in *Phipps*. We conclude that the trial court's perceived means of *in camera* inspection in the presence of counsel, together with the provision by the court of a record of the material disclosed upon the inspection to defendant's counsel, satisfies the claim of defendant made here and adequately protected the rights of the defendant.

Defendant also argues that the trial court erred in prohibiting cross-examination of the complainant on the subject of her fear of her mother's reaction to the pregnancy. The trial court sustained the State's objections to two questions posed to the complainant by defense counsel:

> "Q. *** Were you afraid that your mother would think, if you told her, you were afraid she would think you were having plain out illicit sex with some other—."

> "Q. *** [I]t's been your belief that your mother would strongly disapprove if you engaged in intercourse with someone?"

Defendant maintains that these questions should have been permitted, because they pertained to the bias of the complainant as a witness and alluded to the reasons for which she would accuse her father of the offenses. Specifically, defendant suggests that the complainant may have falsely accused her father in order to protect herself from her mother's wrath, were her mother to believe that she had been engaging in intercourse with a contemporary.

We find that it was not error to sustain the objections to the questions in issue, because the questions posed by defense counsel assumed facts not in evidence. Although there was no dispute that the complainant had participated in an act of sexual intercourse, the premise of these questions contained an inference that she had engaged in sexual intercourse with a person or persons other than defendant. No such evidence was presented in the case. The complainant testified specifically that she had not had intercourse with any others. Moreover, defendant made no offer of proof to demonstrate the availability of evidence which would support the questions. Au-

thority for the challenged rulings in this connection is found in the principle that questions asked on cross-examination are subject to being stricken where facts assumed in the questions are not grounded in competent evidence. See *People v. Moretti* (1955), 6 Ill. 2d 494, 129 N.E.2d 709; *People v. Curry* (1975), 25 Ill. App. 3d 637, 323 N.E.2d 778; *People v. Payton* (1967), 82 Ill. App. 2d 51, 227 N.E.2d 87.

For the reasons stated herein, we affirm the judgment of the trial court.

Affirmed.

MILLS and McCULLOUGH, JJ., concur.